HELM v. DAY, Commissioner of Public Safety of City of Watervliet, et al.

(Supreme Court, Special Term, Albany County. April 9, 1912.)

STATUTES (§ 285*)—EVIDENCE—LEGISLATIVE JOURNALS AND OTHER RECORDS.
Legislative Law (Consol. Laws 1909, c. 32) § 40, provides that no bills shall be deemed to have passed unless certified by the presiding officer of each house to have been passed by the votes of a majority of all the members of such house or in the presence of three-fifths of such members, and that certification to such effect shall be conclusive evidence thereof. Assembly Bill No. 1,387 was duly certified, and after its passage was transmitted to the Governor. Thereafter, by concurrent resolution, it was returned to the assembly and afterwards returned to the Governor, by whom it was approved on May 24, 1911, and afterwards published as Laws 1911, c. 184, with a certification that it became a law on that date. The journals of neither house showed any amendment to the bill after its withdrawal by the assembly and before its final return to the Governor. *Held*, that the certificates were conclusive as to due passage of the act, and the journals were inadmissible to impeach them.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 384, 385; Dec. Dig. § 285.*]

Action by William J. Helm against Michael J. Day, as Commissioner of Public Safety of the City of Watervliet, and the City of Watervliet. Motion by plaintiff for the continuance of a preliminary injunction restraining defendant Day from taking any further proceedings against certain police officers in respect to charges preferred against them. Motion denied and injunction vacated; such vacation not to be effective until the determination of plaintiff's appeal, if any, in favor of the defendants.

Frost, Daring & Warner (J. S. Frost, of counsel), for plaintiff.
Albert J. Danaher, Corp. Counsel of City of Watervliet, for defendants.

CHESTER, J.   The plaintiff moves for an order continuing a preliminary injunction during the pendency of the action, it being a taxpayer's action brought under section 1925 of the Code of Civil Procedure, and section 51 of the General Municipal Law (Laws of 1909, c. 29 [Consol. Laws 1909, c. 24]), to restrain the defendant Day, as commissioner of public safety of the city of Watervliet, from proceeding with the hearing and determination of certain charges against two police officers of said city and from receiving from such city any further compensation or salary for his services as such commissioner.   The preliminary injunction which it is sought to have continued restrains the defendant Day from taking any further proceedings against said police officers in respect to the charges preferred against them.

The principal question presented for determination is as to the validity of chapter 184 of the Laws of 1911.   That chapter has been published under the direction of the Secretary of State in volume 1 of the session laws of that year at page 291, and is entitled "An act to revise the charter of the city of Watervliet."   It is there certified that it "became a law May 24, 1911, with the approval of the Governor, passed three-fifths being present, accepted by the city."

The plaintiff attacks the *existence* of the office which the defendant Day claims to hold on the ground of the alleged invalidity of such chapter 184.   Day was appointed commissioner of public safety by the mayor under the authority of that chapter to take the place and exercise the powers of the board of police commissioners, formerly existing under the prior charter of such city (chapter 905 of the Laws of 1896), and which board was abolished by such chapter 184.

It is alleged in the moving papers that a bill was introduced in the assembly of 1911, known as Assembly Bill No. 1387, entitled "An act to revise the charter of the city of Watervliet," which bill was passed by the assembly on the 17th day of April, 1911, and by the senate on the 24th day of April, 1911; that it was thereafter transmitted to the mayor and common council of the city of Watervliet, accepted by such city, returned to the Legislature, and transmitted to the Governor on May 3, 1911; that on the 8th day of that month the assembly adopted a resolution to recall such bill from the Governor for the purposes of amendment, which resolution was thereafter concurred in by the senate; that this concurrent resolution was delivered to the Governor, who upon its receipt returned the bill to the assembly; that it was retransmitted to the mayor and common council of such city and afterwards returned to the assembly with their approval and again delivered to the Governor, who on the 24th day of May indorsed his approval thereon.

The claim of the plaintiff is that, after such bill was recalled from the Governor for the purposes of amendment, there is nothing on the journal of the senate or the assembly showing that it was amended by either, and the only reference to the bill upon the journal of either house after its return is a minute upon the journal of the assembly showing that a communication was received from the mayor of the city returning it to the assembly with a message that the mayor and the common council of said city, after a public hearing upon such bill,

had approved and accepted the same, and showing an order of the assembly that the clerk deliver it to the Governor.

The plaintiff insists that the withdrawal of such bill from the Governor by the concurrent act of the senate and assembly for the purposes of amendment amounts to a withdrawal of the assent of these houses to its passage; that, because the journals fail to show that either house amended such bill subsequent to its recall, the assembly had no right to again transmit it to the Governor upon its second return from the city, and the Governor was without power to give it his approval as an act of the Legislature.

The defendants, on the other hand, show that the act is duly published by the Secretary of State, pursuant to the legislative law (chapter 37 of the Laws of 1909 [Consol. Laws 1909, c. 32]) and forms one of the session laws for 1911, published by such secretary and under his direction. They also show that the bill filed in the office of the Secretary of State has indorsed thereon the certificates of the presiding officers of the two houses, which are as follows:

"In Assembly,                                             Apr. 17, 1911.
  "This bill was duly passed, a majority  of all the members elected to the assembly voting in favor thereof, three-fifths being present.
  "By the order of the Assembly.            Daniel D. Frisbie, Speaker.
"In Senate,                                               Apr. 24, 1911.
  "This bill was duly passed, a majority of all the Senators elected voting in favor thereof, three-fifths being present.
  "By order of the Senate,                  T. F. Conway, President."

The defendants urge that the journals of the assembly and the senate are not competent to be received as evidence showing the invalidity of the act, nor that it was not duly passed as stated in the respective certificates of the presiding officers of the two houses.

Section 40 of the legislative law provides, with respect to the certificate of the presiding officer, as follows:

"Upon the passage of a bill or concurrent resolution by either house the presiding officer thereof shall append to such bill or resolution a certificate of the date of its passage by the votes of the majority of all the members elected to such house or in the presence of three-fifths of such members, if such be the case, or by the votes of two-thirds of all the members elected to such house, as the case may be. No bills shall be deemed to have so passed unless certified by the presiding officer which certificate to such effect shall be conclusive evidence thereof."

If the law permitted the journals to be received in evidence to impeach such certificates, it would also be competent to prove that the journals were incorrect or incomplete and any other facts to show the due passage of the bill which received executive approval. Indeed, it is shown here by the defendants' affidavits that after Assembly Bill No. 1,387, which was a very voluminous one, had passed the senate and assembly, a bill purporting to be such bill, but which was in fact imperfect by reason of several pages thereof being blank and not printed, was transmitted to the city of Watervliet and thereafter to the Governor; that that imperfect bill was the one in his hands when the resolution of recall was passed; that thereafter the corrected bill as it had passed both houses was transmitted to the city, where it was accepted, and then to the Governor, by whom it was approved.

There are some cases in this state which hold that, where the certificate of the presiding officer is defective or incomplete, resort may be had to the journals of the respective houses to *support* the validity of the bill and to show its passage by the constitutional vote. Matter of N. Y. & Long Island Bridge Co., 148 N. Y. 540, 566, 42 N. E. 1088; Rumsey v. N. Y. & N. E. R. R. Co., 130 N. Y. 88, 92, 28 N. E. 763. But no case is presented within this state which holds that the journals may be received in evidence for the purpose of impeaching the certificates of the presiding officers of the two houses, which in this case are legal in form, and which on their face show the bill to have been duly passed. It is clear to my mind that the claim of the plaintiff that he is not attacking the certificates, but is giving them full force, cannot be supported for the reason that the certificates show that the bill as signed by the Governor was duly passed, a majority of each house voting in favor thereof, with three-fifths of each body being present, and if the journals can be resorted to as evidence, they support the plaintiff's claim that the Legislature had withdrawn its assent to the bill in the form in which it was signed by the Governor because, after the date of the certificates appended thereto, it had been recalled for amendment and had not been amended prior to the time when the Governor appended his signature of approval thereto. In other words, if that course can be pursued, the certificates are deprived of their *conclusive* character under the law and are impeached by the journals of the two bodies.

While there is some conflict in the authorities elsewhere, it seems to have been decided in this state that the journals of the two houses cannot be used to impeach the validity of an act which bears the proper certificates of the presiding officers, and has been duly certified and published as a law under the direction of the Secretary of State. People v. Devlin, 33 N. Y. 269, 88 Am. Dec. 377. This has also been so held under the federal authorities. Field v. Clark, 143 U. S. 668, 12 Sup. Ct. 495, 36 L. Ed. 294; Harwood v. Wenworth, 162 U. S. 547, 16 Sup. Ct. 890, 40 L. Ed. 1069.

But since the enactment of section 40 of the legislative law above quoted, resort to the decisions is unnecessary in support of the conclusion reached, for that section of itself makes the certificates of the presiding officers as to the due passage of the act "conclusive evidence thereof."

Many other questions are raised in the case which need not be considered in view of the conclusion I have reached upon the branch of the case which has been discussed.

The motion should be denied, with $10 costs, and the injunction vacated; but, if the plaintiff seasonably appeals from the order, such vacation shall not be effective until the determination of such appeal in favor of the defendants.